IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

**FILED**

MAY 2 5 2016

Clerk, U S District Court
District Of Montana
Missoula

| | |
|---|---|
| GORDON MAKARCHUK, | CV 14–255–M–DLC–JCL |
| Petitioner, | |
| vs. | ORDER |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations on March 1, 2016, recommending dismissal of Petitioner Gordon Makarchuk's ("Makarchuk") petition for writ of habeas corpus under 28 U.S.C. § 2254. Makarchuk filed objections and is therefore entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

-1-

Upon review of his objections, the Court finds that Makarchuk fails to raise any objection to the legal reasoning applied in the Findings and Recommendations. Instead, Makarchuk lists three "critical errors in the Court's findings that effect [sic] the recommendation." (Doc. 15 at 1.) These alleged errors being: (1) "there were no chemical odors on my person from the booking report"; (2) "there was no camper trailer but rather a trailer and pickup camper"; and (3) "Robin Grosswiler [phone number] gave consent to search entire premesis [sic] before the warrant including camper and trailer, having employee cut lock off of (tool) trailer." (*Id.*) These supposed errors, however, fail to undermine Judge Lynch's legal conclusion that Makarchuk's petition should be dismissed as procedurally defaulted.

Nonetheless, it could be argued that these errors support a claim of actual innocence and Makarchuk's petition should be heard on the merits. *See Smith v. Baldwin*, 510 F.3d 1127, 1139–1140 (9th Cir. 2007) (stating that a petitioner may overcome procedural default by presenting sufficient evidence demonstrating that "it is more likely than not that no reasonable juror would convict him of the relevant crime"). Here, Makarchuk was convicted of operating a clandestine drug laboratory. The alleged factual errors put forth by Makarchuk pale in comparison to the mountain of evidence offered against him at trial. Notably, the jury heard

testimony that: (1) Makarchuk smelled like a methamphetamine lab when he was arrested outside of his camper; (2) multiple items commonly used to manufacture methamphetamine were found in and around his camper; and (3) a methamphetamine lab had been operating for some time in the camper. Based upon this evidence, a claim of actual innocence cannot succeed.

Lastly, Makarchuk moves the Court to allow him to appear in person and provide an explanation for the evidence presented at trial. Because the Court is satisfied that Makarchuk cannot maintain his claim of actual innocence, his motion will be denied. There being no clear error in the remainder of Judge Lynch's Findings and Recommendations, IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendations (Doc. 14) are ADOPTED IN FULL.

(2) Makarchuk's petition (Doc. 1) is DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

(3) Makarchuk's motion to appear before the Court (Doc. 15) is DENIED.

(4) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal.

(5) A certificate of appealability is DENIED.

Dated this 25th day of May, 2016.

Dana L. Christensen, Chief Judge
United States District Court